IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN COLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TIDEWATER MARINE, LLC, et al., | § | |
| | § | CIVIL ACTION NO. G-06-CV-284 |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| NEXEN PETROLEUM U.S.A. INC., | § | |
| | § | |
| Third-Party Defendant. | § | |

## ORDER FOR ADDITIONAL BRIEFING

This case involves claims for personal injuries allegedly sustained by Plaintiff Kevin Coler ("Coler") on or about April 19, 2006 while working aboard the M/V CARL F. THORNE. Coler originally sued Tidewater Marine, LLC ("Tidewater"). Tidewater filed a third-party complaint against Nexen Petroleum USA Inc. ("Nexen") arguing that Nexen was contractually obligated to defend and indemnify Tidewater for any claims filed against it by Coler. Now before the Court is Tidewater's Motion for Summary Judgment on its third-party claims.[1]

The indemnity at the heart of this dispute is found in the time charter agreement between Tidewater, as owner of the M/V CARL F. THORNE, and Nexen, as the charterer thereof. The charter agreement contains standard language ostensibly providing

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

for indemnity to be provided to each party by the other for claims made by agents of the indemnifying party. In this case, Plaintiff was an employee of one of Nexen's contractors. As would be expected, Tidewater now seeks indemnity from Nexen for Coler's claim.

However, certain language in the charter agreement has lead to further argument. Specifically, Section XV of the charter agreement states that "[n]either CHARTERER, its employees, nor their respective underwriters shall have any liability for injury to, illness or death of the crew of the vessel, employees of OWNER or of the registered owner of the vessel. . . and OWNER shall protect, defend, indemnify, and hold harmless CHARTERER." Nexen claims that Coler was a member of the "crew of the vessel," so it is not required to indemnify Tidewater for his claims. In support of this argument, Nexen cites *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 348, 111 S. Ct. 807, 813-14, 112 L. Ed. 2d 866 (1991) for the proposition that a crewmember is essentially the same as a Jones Act seaman, which Coler appears to be. Nexen argues that since Coler, who was an anchor handler at the time of his accident, is a Jones Act seaman, he is also a crew member as that word is used in the charter agreement.

In response, Tidewater calls Nexen's argument novel, but does not offer the Court any specific support for its position that the words "crew of the vessel" should not apply to Coler. The Court is well aware of the usual indemnities found in time charter agreements. However, the Court cannot simply ignore language included in a contract between parties in favor of "customary" dealings. Accordingly, the Court **ORDERS** that Tidewater file additional briefing specifying why Coler is not considered part of the "crew of the vessel" as that phrase is used in Section XV of the Blanket Time Charter.

Such briefing is to be filed with the Court within ten days of the date of this Order. Nexen will then have five days to file any response it deems necessary. Upon receipt of the additional briefing, the Court will rule with all practical expediency. All Parties are to bear their own costs, expenses and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 15th day of February, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge