IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KEVIN COLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TIDEWATER MARINE, LLC, et al., | § | |
| | § | CIVIL ACTION NO. G-06-CV-284 |
| Defendants, | § | |
| | § | |
| v. | § | |
| | § | |
| NEXEN PETROLEUM U.S.A. INC., | § | |
| | § | |
| Third-Party Defendant | § | |

## ORDER GRANTING THIRD-PARTY PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

This case involves claims for personal injuries allegedly sustained by Plaintiff Kevin Coler ("Plaintiff") on or about April 19, 2006 while working aboard the M/V CARL F. THORNE.  Coler originally sued Tidewater Marine, LLC ("Tidewater").  Tidewater filed a third-party complaint against Nexen Petroleum USA Inc. ("Nexen") arguing that Nexen is contractually obligated to defend and indemnify Tidewater for any claims filed against it by Plaintiff.  Now before the Court is Tidewater's Motion for Summary Judgment on its third-party claims.  For the reasons articulated below, the Motion is **GRANTED**.[1]

**I. Legal Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also*

---

[1] The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "'If the movant bears the burden of proof on an issue. . . [it] must establish beyond peradventure *all* of the essential elements' of the claim or defense." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1994 (5th Cir. 1986)). The court must view all evidence in the light most favorable to the non-movant. *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

**II. Analysis**

At the time of his injury, Plaintiff was employed by InterMoor, Inc. as an anchor handler. InterMoor was a contractor for Nexen, the charterer of the M/V CARL F. THORNE. At the time of the injury there was a Blanket Time Charter ("the Charter") in effect between Nexen and Tidewater, the owner of the vessel. As a part of the Charter, the Parties entered into an agreement which generally provides for indemnity to be provided to each party by the other for claims made by agents of the indemnifying party. In this case, Plaintiff was an employee of one

of Nexen's contractors.  As would be expected, Tidewater now seeks indemnity from Nexen for Plaintiff's claims.

However, certain language in the Charter has lead to further argument.  Specifically, Section XV of the Charter states that "[n]either CHARTERER, its employees, nor their respective underwriters shall have any liability for injury to, illness or death of the crew of the vessel, employees of OWNER or of the registered owner of the vessel, or of the vessel's operator, their contractors or subcontractors or their employees . . . and OWNER shall protect, defend, indemnify, and hold harmless CHARTERER."  Nexen claims that Plaintiff was a member of the "crew of the vessel," so it is not required to indemnify Tidewater for his claims.

Section XV also provides that "[n]either OWNER, the registered owner of the vessel, the company operating the vessel, their employees, the vessel, its master and crew, nor their respective underwriters shall have any liability for injury to, illness, or death of the personnel or employees of CHARTERER, or CHARTERER'S contractors or subcontractors or their employees."  Tidewater argues that it is entitled to indemnity from Nexen since Plaintiff was an employee of one of its contractors, and based on this language alone, Tidewater is correct.  The ultimate question is whether the phrase "crew of the vessel" cited in the previous paragraph operates to exclude Plaintiff from the group of people whose claims Nexen must cover.  The Court finds that it does not.

Nexen essentially argues that under the Charter, Tidewater is responsible for claims made by the crew of the vessel in addition to claims made by its own employees and that the "crew of the vessel" includes anyone who would be considered a Jones Act seaman.[2]  Tidewater responds that the phrase "crew of the vessel" refers to the navigational crew provided by Tidewater and

---

[2] For the purposes of this Motion only, the Court assumes, without deciding, that Plaintiff was a Jones Act seaman.

that Plaintiff's claims are therefore the responsibility of Nexen.  Tidewater's interpretation is in keeping with the language of the contract as a whole and the clear intention of the Parties.

Under federal maritime law,

> [a] contract of indemnity should be construed to cover all losses, damages, or liabilities which reasonably appear to have been within the contemplation of the parties, but it should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be reasonably inferred that the parties intended to include them within the indemnity coverage.  *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981).  The contract should be read as a whole, and a court should not look beyond the written language of the contract to determine the intent of the parties unless the disputed language is ambiguous.  *Weathersby v. Conoco Oil Co.,* 752 F.2d 953, 955 (5th Cir. 1984); *Corbitt*, 654 F.2d at 332-33; *Hicks v. Ocean Drilling & Exploration Co.*, 512 F.2d 817, 825 (5th Cir. 1975).

*Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1214 (5th Cir. 1986).  As in *Fontenot*, the purpose of the indemnity agreement "is to divide the responsibility for personal injury/death among the many employers and contractors according to the identity of the injured employee rather than according to which party's fault or negligence caused the injury.  In effect, each party assumes the risk of the other's negligence and agrees to be responsible for injuries to its own employees no matter how, or by whom caused."  *Id.* at 1216.

For the sake of illumination, let us momentarily ignore the "crew of the vessel" language.  The remaining language leaves the Parties with a situation where each is responsible for the injuries of individuals whose presence on or near the vessel is due to an action or responsibility of that Party.  So, if Tidewater contracts with a third-party to bring a chef aboard, that chef's claims are Tidewater's responsibility.  Likewise, if Nexen's CEO comes aboard the vessel to greet fellow employees, any personal injury claims made by him are the responsibility of Nexen.

Nexen's interpretation of the phrase "crew of the vessel" would seriously undermine this division of responsibility and would lead to internal inconsistencies.  The first paragraph of Section XV would require Tidewater to be responsible for all Jones Act seamen aboard the vessel, regardless of their employer.  However, the second paragraph explicitly insulates Tidewater from liability for claims made by Nexen's contractor's employees.  Under Nexen's interpretation, Tidewater would be responsible for Plaintiff's claims under the first paragraph but would be insulated from them by the second paragraph.  Since the Court considers the contract as a whole, it is unwilling to subscribe to an interpretation that would render the Charter inherently and irreconcilably inconsistent—especially in the light of a plausible alternative interpretation.

The plausible alternative explanation provided by Tidewater is that the phrase "crew of the vessel" refers to the navigational crew provided by Tidewater.  Section VI of the Charter provides that "OWNER shall man, victual, maintain, navigate and supply the vessel at its expense."  The term crew is subsequently used to describe the people that will be required in order for Tidewater to meet these obligations.  For example, Section VII provides that "OWNER is an independent contractor and neither it nor its employees nor the master or **crew** are servants, agents, or employees of CHARTERER."  Section VII also notes that "The **crew** will not be required to load or unload cargo or equipment."  In these instances, it is apparent that the term crew refers to the people brought aboard by Tidewater in furtherance of its obligations to man, victual, navigate and supply the vessel.

It follows that this reference would also apply to Section XV of the Charter.  Applying this definition maintains consistency in the indemnity since it burdens Tidewater with claims made by those people it brings aboard the vessel, and no others.  Accordingly, Plaintiff is not

within the group of people described as the "crew of the vessel" in Section XV of the Charter. Rather, he was an employee of one of Nexen's contractors, and Nexen is liable for his personal injury claims.

## III.  Conclusion

For the reasons outlined above, Tidewater's Motion for Summary Judgment is **GRANTED**.  Nexen is required to indemnify Tidewater for any personal injury claims asserted by Plaintiff. All Parties are to bear their own costs, expenses and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 21st day of March, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge